THE STATE, for the Use of TILLOTSON, *v.* MILLER and Others.

If in a suit on a constable's bond for an escape, it appear that since the commencement of the suit, the debt for which the judgment was obtained has been paid by a surety of the debtor, the plaintiff ought not to recover more than nominal damages. And the circumstance that the suit was prosecuted for the benefit of the surety can make no difference.

The omission to assess nominal damages, when substantial justice has been done, is no cause for a new trial.

ERROR to the *Vermillion* Circuit Court.

DEWEY, J.—The state on the relation of *Tillotson* sued *Miller,* a constable, and his sureties, on his official bond. The breaches of the condition of the bond alleged in the declaration are—that *Miller* having two writs of *ca. sa.* in favour of *Tillotson* against one *Young,* arrested the execution-debtor, and permitted him to escape; and that having two other writs of the same kind between the same parties, and having had an opportunity to arrest the execution-debtor, he failed to do so. Plea, general performance of the condition of the bond, and issue thereon. The parties agreed that under that issue, all evidence should be received that would have been admissible under any state of special pleading proper in the cause. Judgment by the Court, without a jury by consent, in favour of the plaintiff below for costs only. The plaintiff prosecutes this writ of error.

The facts are the following: *Young* and one *Reynolds* executed to *Tillotson* their two joint and several notes for 70 dollars each; *Reynolds* was the surety of *Young. Tillotson* obtained a several judgment, on each of the notes, against *Young* before a justice of the peace. On these judgments the executions mentioned in the declaration issued, on which *Miller,* the constable, arrested *Young* and suffered him to escape. The executions were sued out at the instance of

*Reynolds*, and for his benefit, by the consent of *Tillotson.* *Tillotson* also recovered several judgments, on each of the notes, against *Reynolds* before a justice of the peace. These judgments *Reynolds* caused to be stayed by replevin bail. Before the stay of the executions expired *Miller* had suffered the escape of *Young*, and this action was commenced. *Reynolds* paid *Tillotson* the amount of the judgments against himself. *Young* never paid any thing. At what time the payment was made does not appear by the record, but it is presumable it was after the commencement of the action, as the Circuit Court rendered judgment for the plaintiff for costs.

The plaintiff in error contends that the constable and his sureties had no right to avail themselves, in defence of the action, or in mitigation of damages, of the payment by *Reynolds* of the debt for which *Young* was arrested, and that therefore the judgment of the Circuit Court should have been for the full amount of that debt. In this we think he is mistaken. Had the action been in case against the constable for the escape, payment of the debt by the execution-debtor would, at least, have mitigated the damages. *Russell* v. *Turner*, 7 Johns. R. 189. Payment by a surety of the debtor must have the same effect; and the principle is equally applicable to this action, the real object of which is the recovery of damages. We do not mean to say, however, that had *Reynolds* paid the debt for which he was *Young's* surety before the commencement of the action, it would not have been a good bar. There can be no doubt, admitting the payment to have been made since that time, that it ought to reduce the plaintiff's claim to nominal damages. If his right to nominal damages be granted, the omission to assess such damages, when substantial justice has been done, is no cause for a new trial. Bac. Abr. tit. Trial, L.—1 Burr. 11. 2 *id.* 664.—*Brantingham* v. *Fay*, 1 Johns. Cas. 255.

But the plaintiff in error also contends that this action, though nominally for the use of *Tillotson*, is really prosecuted for the benefit of *Reynolds*, and that the latter has a right to maintain it against the constable and his sureties, in consequence of the escape of *Young*, for the purpose of recovering the money which he paid as *Young's* surety. This position is entirely untenable. Had *Reynolds* purchased the judg-

ments against *Young*, and they had remained unsatisfied, he might indeed have used *Tillotson's* name for the purpose of enforcing his remedy for the escape; but in satisfying the judgments against himself, which were for the same debts as the judgments against *Young*, he discharged these latter judgments, and thus, if he did not destroy *Tillotson's* legal right of action, he at least reduced his claim to nominal damages. As well might a surety to a joint and several note contend, that by paying the note he would entitle himself to sue his principal, on the note, in the name of the creditor.

*Per Curiam.*—The judgment is affirmed at the costs of the relator.

A. *Kinney* and S. *B. Gookins*, for the plaintiff.
T. *A. Howard* and W. *P. Bryant*, for the defendants.