May Term, 1854.

JENNINGS
v.
LORING.

---

JENNINGS *v.* LORING and Others.

A new trial will not be granted on account of newly discovered evidence which is merely cumulative.

The omission to assess nominal damages, where there is a mere naked technical right to recover, is not a ground for a new trial.

Monday,
June 12.

APPEAL from the *St. Joseph* Circuit Court.

STUART, J.—Trespass for an alleged false imprisonment of *Jennings*.  Plea, the general issue.  Verdict and judgment for the defendants.

The evidence is all made part of the record.

The plaintiff, *Jennings*, had sold a lot of blacksmith's tools to one of the defendants, who was dilatory about paying for them.  *Jennings*, impatient of the delay, broke into the shop and took the tools.

*Loring* filed an affidavit and took out a warrant against *Jennings* for larceny.  The defendants are *Loring*, *Ruple*, the justice who issued the warrant, *Liggit*, who served it, and *Colt*, who was a witness on behalf of the state.  The warrant was returned before another justice of the peace, the charge investigated, and *Jennings* acquitted.  Hence this action against the several parties who acted in the prosecution.

Among the reasons assigned for a new trial, was that of newly discovered evidence.  The affidavit of the witness

and also of *Jennings*, are filed agreeably to the rule. The substance of the newly discovered evidence was a conversation which the witness overheard after the trial, in which one of the defendants, *Liggit*, admitted that the arrest was made by laying his hand on *Jennings*, and telling him he was his prisoner. But this does not seem to us material; for the fact of arrest was fully made out by other evidence. The return on the writ, which the defendants themselves introduced, showed the taking, &c., of *Jennings*. So that the evidence could only have been cumulative; and did not entitle the party to a new trial. *Porter* v. *The State*, 2 Ind. 435.

The affidavit and warrant on which *Jennings* was arrested, were given in evidence by the defendants, in mitigation of damages. The facts set out amounted to nothing more than a trespass on the part of *Jennings*. He had acted imprudently, and perhaps not without color of suspicion, but not feloniously. It is equally clear from the evidence that the defendants were not actuated by malice, but on the sincere conviction that the acts done constituted larceny. Under these circumstances, *Jennings* was entitled, perhaps, to nominal damages, but to nothing more. 6 Blackf. 406.

The bearing of all the evidence is to rob the transaction of every thing like a malicious motive, leaving only a naked technical right to recover. The character with which the case is thus invested, is what is denominated in the books "a hard action." 1 Burrows 54.

It would be cruelty to the plaintiff to grant a new trial, thus remanding him to the possible recovery of one cent damages, and the incurring of heavy costs. *Macrow* v. *Hull*, 1 Burrows 11.—*Farewell* v. *Chaffey*, *id.* 54. In both these cases the verdict was admitted to be against the weight of evidence, but yet a new trial was refused. *The State* v. *Miller*, 5 Blackf. 381.—8 Johns. R. 369.

*Per Curiam.*—The judgment is affirmed with costs.

*J. A. Liston*, for the appellant.

*J. L. Jernegan*, for the appellees.