## A. LOCKWOOD, RESPONDENT, *v.* THOMAS MARSH, APPELLANT.

When a case comes up on statement for a new trial which has never been settled by the Court or agreed to by the parties, this Court cannot look into the evidence and other matters set out in the statement; it will be confined to an examination of the judgment roll.

When A engages B to furnish money and buy up a mortgage against A, with an agreement that A will execute a new mortgage to secure the money advanced, and after the purchase of the old mortgage by B, A refuses to execute a new one to secure the money advanced, B may foreclose and enforce the old mortgage.

APPEALED from the First Judicial District Court, Hon. RICHARD RISING, presiding.

*Aldrich & DeLong*, for Respondent.

The statement never having been settled by the Court or agreed to by the parties, the Court can only look to the judgment roll and findings which support the judgment.

*W. T. Barbour* and *L. E. Bulkeley*, for Appellant.

The respondent never having proposed any amendments to appellant's statement, it is deemed an admitted statement, and no certificate of the Court is required.

Opinion by LEWIS, J., BEATTY, C. J., concurring.

The appeal in this case is taken from the order of the District Court refusing a new trial, and also from a decree of foreclosure rendered in favor of the plaintiff. But as the statement on motion for new trial was never settled by the Judge below, nor agreed to by counsel, it is urged on behalf of respondent that this Court can

review no errors except those which may appear in the judgment roll; that if no error is apparent from that, the decree should be affirmed.  There is certainly no doubt upon that point.  Section 195 of the Civil Practice Act explicitly declares that " such statement, when containing any portion of the evidence of the case, and not agreed to by the adverse party, shall be settled by the Judge upon notice."  There is no evidence in the record before us that the statement prepared to be used on motion for new trial was ever agreed to by the adverse party, or settled by the Judge.  Nor can we determine from the record, whether the Court below acted upon or considered the statement in overruling the motion.  The statement not being agreed to or settled by the Judge as the law requires, and there being no statement on appeal, this Court is limited in its review to those errors, if there be any, which may appear on the judgment roll.  To extend our inquiries beyond that, and to pass upon questions not raised upon the judgment roll, would be a clear violation of the section of the Practice Act above referred to.  If therefore the pleadings are sufficient, and the decree is not inconsistent with them, and is supported by the findings, it must be affirmed.

The bill is filed for the purpose of obtaining a decree of foreclosure of a mortgage executed by the defendant to the assignor of the plaintiff.  No question is made as to its sufficiency, and we are fully satisfied that it contains all the necessary allegations.  The defendant's answer admits the execution and delivery of the note and mortgage, but denies that they were ever assigned to the plaintiff, or that he is the owner or holder thereof, or that he is indebted to the plaintiff therefor in the sum claimed in the complaint, or any other sum whatever.  Then follows a detailed statement of the manner in which the plaintiff obtained possession of the note and mortgage sued on, the substance of which is that he was employed by the defendant to pay the note and to have the mortgage canceled : that after making such payment, the note and mortgage were delivered to him, but that instead of delivering them to the defendant, he claims to be the owner, and brings suit upon them.

The findings of the Judge below, however, exhibit a case differ-

ing very materially from that presented by the answer. By his findings of fact, which are as follows, we must be governed in the disposition of this appeal:

*First.* "That the defendant made, executed and delivered the note and mortgage set forth and described in the complaint; that the same, at the time of the trial of this action, was unpaid, with the exception of the sum of five dollars paid thereon by the said defendant to plaintiff; that said mortgage is and constitutes a valid and existing lien upon the real property described in said lien."

*Second.* "That the said note was indorsed by the payee thereof, and sold and delivered with the mortgage to the plaintiff, who is now the owner and holder thereof, and the sum of two hundred and thirty dollars is due thereon from the defendant."

The substance of the third finding is, that the defendant requested the plaintiff to purchase the note and mortgage in question, and agreed with him that if he would do so, he, defendant, would make, execute and deliver to him a new note and a mortgage upon the premises covered by the old mortgage ; and further promised to pay to the plaintiff interest on the sum of money so paid out by him at the rate of three per cent. per month. That after plaintiff had purchased the note and mortgage, and received an assignment thereof, the defendant refused and has ever since refused to execute and deliver to the plaintiff the new note and mortgage as agreed upon, and that the defendant has not paid, and that he refuses to pay the sum of money expended in the purchase of the note and mortgage upon which this suit is brought; that the defendant is indebted to the plaintiff on the note and mortgage set out in the complaint in the sum of $230, with interest thereon at the rate of three per cent. per month since the 26th day of September, A.D. 1865.

Whether these findings of fact are supported by the evidence, is a question which cannot be determined upon in this appeal; they are not inconsistent with the issues raised by the pleadings, and are fully sufficient to sustain the decree of foreclosure and sale which was rendered upon them.

The Court finds the execution and delivery of the note and mortgage to Kingsbury, the purchase of the same by the plaintiff, and a

regular assignment of them to him; that the plaintiff is the owner and holder of them, and that there is due to him upon the same the sum of $230 with interest.

These were all the facts necessary to support a decree in favor of the plaintiff. As there appears to be no error in the judgment roll which will authorize a reversal, the decree must be affirmed.