[No.  883.]

TRUCKEE LODGE, No. 14, I. O. O. F., APPELLANT, *v.* BENJAMIN WOOD ET AL., RESPONDENTS.

STATEMENT—OBJECTIONS TO WHEN WAIVED.—When counsel appear and orally argue a case upon its merits and afterwards, by leave of the court, file a brief and therein rely upon objections to the statement: *Held*, that the oral argument upon the merits amounted to a waiver of the objections to the statement.    (Hawley, J., dissenting.)

CONTRACT — ADMISSIBILITY OF EVIDENCE — MECHANICS' LIENS — NOMINAL DAMAGES—COSTS.—Plaintiff brings suit and claims damages against W. & R. for breach of contract in building Odd Fellows' Hall.    The contract provided that plaintiff should not be held accountable for any labor or materials furnished in said building.    Plaintiff offered to prove that W. & R. had incurred indebtedness to sub-contractors and others, who had filed liens upon the building and brought suits to foreclose the same. The court refused this evidence: *Held*, 1. That plaintiff, it not being shown that it had paid anything upon said liens, was only entitled to recover nominal damages for this breach of the contract; 2. That if the plaintiff should have been allowed to prove the existence of the liens for the purpose of showing nominal damages, the error in excluding the proof is not ground for a new trial, when such damages do not entitle plaintiff to recover costs.

IDEM—COUNTER-CLAIM.—W. &. R., in their answer, as a counter-claim, allege a balance due upon the original contract, and a balance due for extra work: *Held,* That the refusal of the court to permit plaintiff to introduce proof of the existence and amount of the liens, was error; that such facts were admissible for the purpose of defeating the contractors' counter-claim to the extent of the full amount of valid liens for labor and materials furnished to the contractors.

IDEM—VALUE OF WHOLE BUILDING.—Against plaintiff's objection, the court allowed defendant to ask a witness: What is the reasonable value of the whole material and work done in the erection of that building as it now stands? *Held,* error to allow defendants to prove the value of any thing not done by W. & R., and then only as to extra work and materials.

IDEM.—The court refused to allow plaintiff to prove the difference between the value of the building as completed, and as agreed to be completed: *Held,* not error.

IDEM—ALTERATIONS—EXTRA WORK—WAIVER OF AGREEMENT.—The contract provided for changes in the plans, and that extra pay therefor should be either mutually agreed upon or referred to arbitrators before any changes were allowed to be made. The price for extra work had not been agreed upon or settled as the contract required: *Held,* in reviewing the testimony, that the fact that the contractors were willing to agree upon the price of changes; that they urged plaintiff to fix the same, and that plaintiff refused but continued to order changes, amounted to a waiver of the clause inserted in the contract for plaintiff's benefit.

IDEM—RIGHTS OF SURETIES.—*Held,* that the failure of plaintiff to make the weekly payments as specified in the contract released the sureties upon the contractor's bond.

IDEM.—*Held,* that the failure to retain money, in excess of $10,800, until the completion of the contract, as agreed upon, released the sureties.

IDEM.—*Held,* that if plaintiff permitted and requested changes to be made without previously agreeing upon the price of the same as specified, it was such a material change in the contract as would release the sureties.

JUDGMENT CORRECT—ERRONEOUS INSTRUCTIONS.—A judgment will not be reversed for any error in the instructions when it is apparent that the verdict would have been the same with correct instructions, and when the court below could not have refused to grant a new trial had the verdict been for the opposite party.

LIABILITY OF SURETIES CAN NOT BE CHANGED WITHOUT THEIR CONSENT.—The liability of a surety can not be changed without his consent, even though such change is advantageous to him.

APPEAL from the District Court of the Second Judicial District, Washoe County.

At the request of the sureties the court gave the following instructions, which are referred to in the opinions.

8. "The defendants, C. A. Bragg, A. C. Bragg, L. L. Crockett, and J. C. Hagerman are sureties, and their contract with the plaintiff is to be construed strictly; their liability is not to be extended beyond the terms of their contract; to the extent and in the manner, and under the circumstances pointed out in their obligation, they are bound, and no further. It is not sufficient that they may sustain no injury by a change in the contract, or that it may even be for their benefit. They have a right to stand upon the very terms of their contract, and, if they do not assent to any variations of it, and a variation is made, it is fatal."

9. "Under the contract the building committee were required to pay the contractors the sum of nine hundred dollars on August 26, 1876, and a similar sum on each Saturday thereafter for eleven successive weeks. You are instructed that any failure or neglect to pay any of said sums, or the full amount thereof, on the dates agreed upon, or about such dates, not agreed to or acquiesced in by the sureties, releases them, and, if you find the facts so to be, you must find against the plaintiff so far as the sureties are concerned."

10. "Under the contract the plaintiff's building committee agreed to retain from the contractors any balance that should be due them under their contract after the payment of ten thousand eight hundred dollars, until their job was completed. You are instructed that if you find the committee did pay the contractors more than said sums before their job was completed, and without the consent or agreement of the sureties, the contract of suretyship is violated, and the plaintiff cannot recover against them."

11. "Under the contract alterations or changes may be made upon request of the building committee, provided the extra price or deduction in price for the same is mutually, or by arbitration, agreed upon before such change is made. You are instructed that if you find that any charges were made without such agreement as to price being made, the sureties are exonerated."

12. "You are further instructed that the provision in the

contract does not mean any change that might be requested by the building committee, but only refers to changes and alterations made in conformity with the contract and the general plan of the building. Therefore, if you find that any change was made by the committee and contractors, not in conformity with the contract and general plan of the building, without the consent of the sureties, and that such change was material and imposed additional burdens on the contractors, the sureties are exonerated from liability on their bond. And if the change was a material departure from the plans and specifications, it makes no difference whether it was favorable to the contractor or not."

13. "The sureties are not bound by any parol agreement that the plans referred to in the contract and their bond should be considered reduced in scale, made subsequent to their undertaking, unless such agreement was assented to by them. Therefore, if you find that such an agreement was made, and that by the same the plan of the building was materially changed, and that the building was built in accordance with such parol agreement without the consent of the sureties, you will find for them."

*Robert M. Clarke*, for Appellant.

I. It was a breach of the builder's contract to suffer liens for labor and materials to attach, and the amount of their liens was the measure of damages for the breach.

II. The defendants, Wood and Richards, had no action upon the contract for the recovery of any unpaid balance until they had fully satisfied the liens for the labor and materials.

III. In an action upon a contract to recover for failure to complete a building at the time specified, and for omitting to do certain specified work, it is error to permit the defendant, for the purpose of reducing plaintiff's demand or defeating recovery, to show the value of the work done and material furnished. The contract itself furnishes the only just measure. (61 Mo. 270; 17 N. Y. 175.)

IV. The contract in this case provided for alterations and extra work, and specified that all extra pay should be fixed

in advance by mutual agreement or arbitration.   In view of this provision it was error to permit the defendant to prove extras not requested and agreed upon as specified in the contract.   (24 Wend. 448; 17 N. Y. 175, 176.)

V. The changes shown to have been made in the plans and details of construction of the building are not alterations of the contract in the sense of the term.   (50 Cal. 419; 24 Vt. 440; 27 Id. 125, 673.

VI. The court erred in the instructions which it gave to the jury.   As to the sureties the case was tried upon a total misapprehension of the law.   It is not the law that any variation from the written contract releases the sureties. On the contrary, no variation, however material, could so operate if made without the sanction of plaintiff, and no alteration in the plans or details of construction, however material, could operate to release the sureties if made pursuant to the contract.   And no alteration in the mere details could operate to release the sureties unless prejudicial to them.

*N. Soederberg,* also for Appellant.

*Thomas E. Haydon,* for Respondent Wood.

I. No notice of motion for new trial was ever filed or served upon the defendants Wood or Richards.   The motion for new trial cannot be considered.   (*Killip* v. *Empire Co.* 2 Nev. 34; *Wright* v. *Snowball,* 45 Cal. 654; *State* v. *First National Bank,* 4 Nev. 358.)   The statement in so far as defendants Wood and Richards are concerned, has never been authenticated in the manner required by law.   (*White* v. *White,* 6 Nev. 20; *Lockwood* v. *Marsh,* 3 Id. 138; *McCausland.* v. *Lamb,* 7 Id. 238; *Irwin* v. *Samson,* 10 Id. 282.)

II. Any action by plaintiff to recover damages on account of the liens filed against the building is premature.   The defendants did not covenant that no liens should be filed. Prospective damages cannot be recovered.   (6 Nev. 203.) Damages can only be estimated by the actual injury a party has received.   (2 Green on Ev. sec. 265.)

III.   The findings of the court below are conclusive

upon the facts.    There is a substantial conflict of evidence.
The statement does not purport to contain all the testimony
given at the trial.    (4 Nev. 156, 304;  5 Id. 281, 415;  6
Id. 203, 215; 8 Id. 41, 118, 126; 9 Id. 152.

IV.  The evidence shows that the contractors were unable
to obtain a settlement of the changes and alterations directed
by the architect.    The owners of the building could do it,
for it was for their benefit. (*Blethen* v. *Blake*, 44 Cal. 117;
*McFadden* v. *O'Donald*, 18 Id. 160.)

V.    Where a special contract for work is proven, but the
contract is deviated from, testimony may be admitted as to
the value of the services rendered. (*De Boom* v. *Priestly*, 1 Cal.
206; *Reynolds* v. *Jourdan*, 6 Id. 108; 7 Id. 161; *O'Connor*
v. *Dingley*, 26 Id. 20; *Whiting* v. *Heslip*, 4 Id. 327; 4 Id.
274; 4 Id. 335.)

*Boardman & Varian*, for Respondents Bragg *et al.*, sure-
ties.

There were several material departures from the contract.
The alterations in the building were not made as provided
for in the contract.  Plaintiff agreed with the contractors
to disregard the provisions of the written agreements.

Having undertaken to protect itself by controlling the
contractors in the matter of payments, in utter disregard of
the undertaking with the sureties, it can not now resort to
the bond which it repudiated during the progress of the
work.  (*Miller* v. *Stewart*, 9 Wheat. 704; *Quillen* v. *Arnold*,
12 Nev. 234; *Bragg* v. *Shain*, 49 Cal. 134; *U. S.* v. *Howell*,
4 Wash. C. C. 620–623;  *Grant* v. *Smith*, 46 N. Y. 98; *Zim-
merman* v. *Judah*, 13 Ind. 286; *Finney* v. *Conlen et al.*, Ill.
Sup. Ct. Legal News, Feb. 23, 1878, No. 488, p. 182.)

By the Court, LEONARD, J.:

This is an action for damages for alleged breaches of con-
tract.    Respondents, Wood & Richards, were contractors
and builders.    They entered into a written contract to build
for appellant an Odd Fellows' Hall and building in Reno,
and to secure a faithful performance of the same, executed
and delivered to appellant an undertaking in the penal sum

of ten thousand dollars. Wood and Richards were principals and the other respondents sureties. In its complaint appellant alleges failure to perform according to the contract, plan and specifications, and demands judgment therefor in the sum of five thousand two hundred and thirty-four dollars and twenty-one cents. The principals and sureties answered separately. They deny all alleged breaches of the contract on the part of Wood & Richards, and aver full performance thereof. Wood & Richards allege that there is a balance of two thousand four hundred and nine dollars and eighteen cents due upon the original contract, and the further sum of four thousand seven hundred and forty-four dollars for extra labor performed and materials furnished at the request of appellant, for which sums they demand judgment. The sureties allege that there is due Wood & Richards, upon the original contract and for extra work and materials, the sum of six thousand two hundred and ninety-four dollars. Other parts of the pleadings will be referred to as we proceed in the examination of questions presented for consideration. At the trial, respondents, Wood & Richards, obtained judgment against appellant for one thousand and ten dollars and thirty cents, and the sureties were released. This appeal is from an order overruling appellant's motion for a new trial, and from the judgment. Objections have been made to the transcript, all but one of which could be waived, and that has been removed by amendment. Counsel for Wood & Richards argued the case upon its merits without intimating that there were any faults in the transcript, and not until months thereafter were any objections made thereto. We shall consider the case upon its merits, believing the objections now made have been waived.

I. The contract above referred to provides that the appellant shall not in any manner be answerable or accountable for any of the materials or other things used or employed in finishing said building. In its complaint appellant alleges, "That in partial performance of the said contract, the said Benjamin Wood and E. S. Richards incurred indebtedness to sundry persons for work and labor performed

and materials furnished, to be used, and which were used, in constructing said building, in the sum of four thousand seven hundred and ninety-three dollars and thirteen cents gold coin of the United States, which said indebtedness became, and is, a lien against plaintiff's said building and premises, and for the payment of which plaintiff and its said building and premises are liable, wherefore plaintiff has been greatly injured and damaged in the sum of four thousand seven hundred and ninety-three dollars and thirteen cents, etc." To maintain its claim for damage on account of the liens mentioned, appellant offered to prove, by the records of the county recorder of Washoe county, that Wood & Richards had incurred said indebtedness to the persons named in said records; that the materials and labor therein mentioned had been furnished at the request of said contractors and used in and about the construction of said building, and that the contractors had failed and refused to pay the same or any part thereof; that the same were then valid and subsisting liens upon the building in question; that plaintiff was liable to pay the same, and that suits had been commenced to foreclose them. Counsel for respondents objected to such proof, for various reasons stated, and it was rejected.

In rebuttal, appellant offered to prove the same facts for the purpose of defeating the claim of Wood and Richards for extra work, etc., upon the building. This proof was also excluded by the court, and its action in excluding the offered proof to support appellant's claim for damages on account of said liens; also, to defeat recovery by Wood and Richards upon the counter claims set up by them in their answer, is assigned as error.

It is first claimed by counsel for appellant, that the proof offered should have been admitted for the purpose of showing damage resulting from a breach of the contract, and that the amount of the liens is the measure of such damage. If it be conceded that the contractors broke their contract by permitting liens to be filed, etc., still the admitted fact remains, that there was no offer to prove that appellant had paid any sum for their satisfaction, or had otherwise been

damaged by reason of their existence. Such being the case, appellant was entitled to recover, at the most, nominal damages only, on account of the breach complained of.

Had actual damages been allowed against defendants on account of the liens, the contractors might have been compelled to pay twice for the same thing. The lien-holders might have dismissed their foreclosure suits and brought an action against the contractors. A judgment for damages in this case, in favor of appellant for the full amount of the liens, would not bar such an action. The lienholders are not parties, and would not have been bound by any judgment in this case. Hence, as before stated, had appellant recovered actual damages on account of the liens, the lienholders might thereafter have dismissed their foreclosure suits, waived their liens, brought actions against the contractors, and recovered judgment to the extent of the amount due, regardless of the fact that theretofore judgment in this case had been rendered against them for the same claims. (*Prescott* v. *Trueman*, 4 Mass. 627; *Wyman* v. *Ballard*, 12 Id. 305; *Tufts* v. *Adams*, 8 Pick. 547; *Harlow* v. *Thomas*, 15 Id. 68; Sedgwick on Dam. 44, *et seq.*) And if, technically, appellant should have been permitted to prove the existence of the liens for the purpose of showing nominal damage, that error is not ground for a new trial, in cases where, under statutes like ours, such damages do not entitle the plaintiff to recover costs. (*Jennings* v. *Loring*, 5 Ind. 250; Sedgwick on Dam. 54.)

The refusal of the court to permit appellant, in rebuttal, to introduce proof of the existence of the liens, and that suits were then pending to foreclose the same, was error. Section 10 of the lien law (Stat. 1875, page 123) is as follows: "The contractor shall be entitled to recover upon a lien filed by him, only such amount as may be due to him according to the terms of his contract, after deducting all claims of other parties, for work done and material furnished as aforesaid; and in all cases where a lien shall be filed under this chapter, for work done or materials furnished to any contractor, he shall defend any action brought thereupon at his own expense; and during the pendency of such

action the owner may withhold from the contractor the amount of money for which such lien is filed, and in case of judgment against the owner or his property upon the lien, the said owner shall be entitled to deduct from the amount due or to become due by him to the contractor, the amount of such judgment and costs; and if the amount of such judgment and costs shall exceed the amount due by him to the contractor, or if the owner shall have settled with the contractor, he shall be entitled to recover back from the contractor any amount so paid by him, the said owner, in excess of the contract price, and for which the contractor was, originally, the party liable."

Under that section, it is too plain for argument that appellant should have been permitted to make proof of the facts stated, for the purpose of defeating respondents' counter claims, to the extent of the full amount of valid liens for work done and materials furnished to the contractors, Wood & Richards. If appellant had the right to withhold from the contractors the amount of money for which the liens were filed, during the pendency of the foreclosure suits, certainly the contractors could not recover judgment for any portion of the money so withheld.

II. Against appellant's objection, respondents were permitted to ask Wood this question: "What is the reasonable value of the whole material and work done in the erection of that building, as it now stands?" The witness answered: "Twenty-seven thousand dollars." It will be noticed that the question included the value of all the materials furnished and labor performed in the construction of the building. It embraced within its scope, not only the value of the labor and materials used in performing the extra work, but also the value of the materials and labor furnished and performed under the special contract between the contractors and appellant. Nor is that all. It embraced the value of all that was done by Ferguson & O'Hara, who did the mason work under a separate contract.

In their answers, as we have seen, respondents allege that a certain sum is due Wood & Richards for work done under the written contract, and an additional sum for extra

work, of the value stated. For the work done under the special contract, Wood & Richards' damages must be measured by that agreement. It was error to allow respondents to prove the value of anything not done by Wood & Richards, and then only as to extra work and materials. (*Railway Company* v. *Vosburgh*, 45 Ill. 313; Sedgwick on Dam. 235 *et seq.*)

III. The court did not err in refusing to permit appellant to prove the difference between the value of the building as completed and as agreed to be completed. It is alleged in the complaint that Wood & Richards have failed to finish the building according to contract, and that the labor and materials necessary to so finish it will cost the appellant, and be reasonably worth, nine hundred and twenty dollars in United States gold coin. There is no allegation or claim contained in the pleadings that would have justified the court in permitting appellant to make the proof stated.

IV. The contract in question provided as follows: "All alterations or changes in the plans during the course of construction of said building which may be requested by the parties of the first part (appellant), shall be made by the parties of the second part (Wood & Richards); but all extra pay or deductions in price for work, by reason of such change, shall be, either mutually or by reference to arbitrators, agreed upon and settled by the parties hereto, before said change is allowed to be made."

In view of these provisions of the contract, and of the fact that the price for extra work had not been agreed upon or settled as the contract required, counsel for appellant objected to questions propounded to respondent Wood, as to the cost of extras, "because it is sought to prove by this witness, that changes were made which are not shown to have been requested by the committee, and the price of which was not agreed upon by the parties or submitted to arbitrators." To meet that objection, Wood then testified that a great number of changes had to be made, and that they were all made by order of appellant, but no proof was made that the prices for extras or changes were agreed upon.

The court then admitted the evidence objected to, and appellant accepted. Subsequently, during the examination of the same witness, he testified that the prices of changes had not been fixed, with one exception. He stated, however, as the reason why they were not fixed, that he asked Mr. Bowker, one of appellant's committee, to give him a paper as to the prices, etc.; that he received such paper, but that the prices were not carried out; that Bowker wanted him to go to Sturgeon, the architect, for the reason, as stated, that he (Bowker) could not get the committee together; that if witness wanted it done he would have to go to Sturgeon. Witness also stated that the reason why the prices were not inserted in the paper referred to, was because they had not been agreed upon; that he said to Bowker: "Let us agree to it;" that Bowker told him that he could not get the committee together. On cross-examination witness testified: "We could not get anything from them" (meaning the committee); "they would not agree. Mr. Sturgeon would serve me with an order that I had to do that. I delayed the floor over two weeks before I would lay it." Witness stated also that he asked that the question of price be submitted to arbitrators.

Counsel for appellant still urges the same objection made in the court below. In view of all the facts, we shall not review the argument of counsel—that no proof of the price or value of extras or changes was admissible, without showing also that such price was agreed upon or awarded by arbitrators. In our opinion, the general legal principle invoked by counsel is not applicable to this case. If it be true, that at the time the evidence objected to was admitted, it was inadmissible, for the reason that no preliminary proof had then been made of the efforts of Wood to have the prices fixed, and of the failure of the committee to act when requested so to do; still, such proof was subsequently made by the same witness, and the error, if such it was, was cured. In *United States* v. *Robeson*, 9 Peters, 326, the court say: "It appears that the agent of the government expressly stipulated to pay the money under the contract on the certificate of Colonel Arbuckle or the officer com-

manding the party. And for any additional services to those provided for in the contract, payment was to be made at the same rate, upon producing duplicate specified certificates of the commanding officer. It does not appear that any excuse was offered why these certificates were not procured; and the question is, whether the claimant, at his option, can establish his claim by other evidence. The contract is a law between the parties in this respect; as they expressly agreed that the amount of the service shall be established by the certificates of the commanding officer, can it be established in any other manner, without showing the impracticability of obtaining the certificates? Is not this part of the contract as obligatory as any other part of it; and if so, is not the obtaining of the certificate a condition precedent to the payment of the money? Where parties. in their contract, fix on a certain mode by which the amount to be paid shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. He can not compel the payment of the amount claimed, unless he shall procure the kind of evidence required by the contract, or show that by time or accident he is unable to do so. And as this was not done by the defendant in the district court, no evidence to prove the service, other than the certificates, should have been admitted by the court. Had the defendant proved that application had been made to the commanding officer for the proper certificates, and that he refused to give them, it would have been proper to receive other evidence to establish the claim." In *Smith* v. *Brady*, 17 N. Y. 174, the defendant agreed to pay the plaintiff a certain sum as the work progressed, and the balance, when all the work should be completed and certified by the architects to that effect. In construing the contract, the court say: "The parties have seen fit to make the production of such a certificate a condition precedent to the payment. The plaintiff is as much bound by this part of his contract as any other.* * * Had it been shown by the plaintiff that he had made application to the architects for the

requisite certificate, and that they had obstinately and un· reasonably refused to certify, it might have been proper, perhaps, for the plaintiff to establish his right to recover by other evidence." (See, also, *Herrick* v. *Belknap's estate et al.* 27 Vt. 681.)

The case of *White* v. *S. R. and S. Q. R. R. Co.*, 50 Cal. 417, is inapplicable to this case.

There, the plaintiff, on the verbal order of the engineer, performed extra work not embraced in his contract, of the value of three thousand nine hundred and twenty-three dollars and four cents, and for which the engineer refused to give him a certificate when a settlement was made. The written contract provided that the engineer should have full liberty to make alterations in, additions to, or deductions from, any of the works referred to therein; and that such alterations, etc., should be valued and estimated according to the schedule of prices filled up by the contractor and agreed to by the engineer. But it also provided that "no deviation from any of the provisions of this contract, specification or drawings will be permitted, unless with the sanction in writing of the engineer; nor will any claim of extra work be allowed under any pretense, unless a written order for the same by the engineer can be produced."

Under such a contract the court held that plaintiff could not recover for extra work without producing a written order signed by the engineer. By his contract he had made it impossible for him to make proof by any other means. He had agreed that he should not be allowed for any extra work he might perform, unless he could produce a written order signed by the engineer. In this case respondents Wood and Richards agreed to make such alterations and changes as might be requested by appellant's committee, and that all extra pay or deductions in price for work, by reason of such change, should be agreed upon and settled by the parties mutually, or by reference to arbitrators, before such change should be allowed to be made. There was no agreement, as there was in the case last referred to, which precluded all kinds of proof save one, regardless of whether it was appellant's fault or the contractors' that the

price was not fixed. It is a general rule of law, and a just one, that a party cannot insist on a condition precedent when he himself has defeated a strict performance. The proof of respondents shows that the contractors were willing and anxious to agree upon the price of changes; that they urged the committee to fix the same; that the latter failed to do so after request, but continued to order changes without fixing the extra pay. Such action on their part was a waiver of a clause inserted for appellant's benefit (*McFadden* v. *O'Donnell*, 18 Cal. 164; *Blethen* v. *Blake*, 44 Id. 120), and it was a mode of defeating strict performance by the contractors, which prevented appellant from insisting upon the objection made.

V. By the contract, in consideration of the covenants and agreements being strictly performed and kept by the contractors, Wood & Richards, as specified therein, appellant agreed to pay the contractors a certain sum of money in the following manner, to wit: "Nine hundred dollars on Saturday, August 26, 1876, and nine hundred dollars on each Saturday thereafter, for eleven successive weeks, and the balance when the job is completed." In their answer, respondents, the sureties, allege that the parties of the first part to said contract utterly failed and neglected to pay said sums of money as stated, and at the times stated and agreed. They further allege, by amendment to their answer, that "it was provided by the contract, that all extra pay or deductions in price should be, mutually or by reference to arbitrators, agreed upon and settled before such change should be allowed to be made; that notwithstanding such provision, and without the permission, knowledge or consent of the said defendants, or either of them, the parties to the contract aforesaid made a large number of material changes in the plan and the work of construction, and changed the entire plan of said building, and introduced new and expensive additions, as detailed in the plans and specifications at the time of the execution of the undertaking by said defendants, and utterly failed and neglected to have the extra pay or deductions in price thereof either mutually, or by arbitration, or in any manner, agreed upon

prior to the making of such alterations, or to have the same agreed upon at any time; that by reason of the changes and alterations aforesaid, and of the failure to have the price for the same settled as aforesaid, the contract with them was violated and their obligation released." Respondents, the sureties, testified that they were never advised of, or acquiesced in, or consented to, any of the changes, testified to as material, from the original plan and specifications; that they knew nothing of the failure of the building committee to pay each installment to the contractors as it fell due, nor authorized the committee not to pay the same; and that they did not consent to the building committee overpaying the contractors more than ten thousand eight hundred dollars specified in the contract, before the completion of the building. Moreover, the burden of proving ratification or waiver was upon appellant, and the record contains no proof of either.

The appellant did not claim to have paid the contractors weekly, as it agreed to do. The first payment of nine hundred dollars was due August 9, 1876, and the last, November 11, 1876, making in all ten thousand eight hundred dollars, to be paid as before stated, and the balance when the building was completed. Whereas it appears from appellant's own evidence, by the testimony of Mr. Kinkead, who paid the money to the contractors, and of Mr. Bowker, one of appellant's committee, that only six thousand nine hundred dollars had been paid on the eleventh of November; that afterwards, `at irregular intervals, other sums were paid until February 21, 1877, when the last payment was made, at which date the total amount paid was eleven thousand seven hundred and ninety dollars and eighty-two cents, being nine hundred and ninety dollars and eighty-two cents in excess of the amount appellant agreed to pay before the completion of the contract, and which it agreed not to pay until the contract was completed; that before the eleventh of November, as well as after, in many instances the payments were not made when they were due; that the reason why payments were not made according to the terms of the contract, was because Wood & Richards did not appear to

be doing anything, and under such circumstances appellant was unwilling to advance money. It does not appear, definitely, when the building was completed, but it was certainly subsequent to February 21, 1877, the date of the last payment. In the complaint it is alleged that it was incomplete at the time the action was commenced, March 12, 1877. Mr. Bowker testified that the upper story was first occupied about April 1st. In fact, appellant claimed damage from November 15, 1876, until April 1, 1877, for failure to complete the upper story at the time stated in the contract. Besides, the specifications called for eight quite elaborate secretaries. Mr. Wood testified that they were not shipped from San Francisco until about the middle of March, 1877, and were put up in the building after that date; that he held possession of the upper story until after the secretaries were put in place.

In our opinion, there are two facts shown by all the evidence of both parties, and concerning which there was at the trial no dispute, which are fatal to appellant's claim against respondents, the sureties, to wit:

1. That the weekly payments of nine hundred dollars each were not paid as agreed.

2. That the amount due in excess of ten thousand eight hundred dollars was not all retained until the completion of the contract.

Failure to do both was a substantial violation of the contract on the part of appellant.

And if appellant requested and permitted changes to be made without previously agreeing upon the price of the same, or referring it to arbitrators, that, too, was a violation which was material. If we are correct in our conclusions, it is unnecessary to examine the instructions given at the request of the sureties. A judgment will not be reversed when it is apparent that the verdict would have been the same with correct instructions, and when the court below could not have refused to grant a new trial had the verdict been for the opposite party. The eighth, ninth, tenth, and eleventh instructions are correct, and they cover the principles upon which we base our decision.

The law is too well settled to require argument or authorities in its support, that the liability of a surety can not be changed without his consent, even though such change is advantageous to him.    The following authorities sustain the principle stated, and are applicable to the present case: *Quillan* v. *Arnold*, 12 Nev. 238; *Bragg* v. *Shain*, 49 Cal. 134; *Miller* v. *Stewart*, 9 Wheat. 704; *United States* v. *Howell*, 4 Wash. (C. C. R.) 620; *Calvert* v. *London Dock Co.* 2 Keen, 639; Burge on Suretyship, 46, 53, 115, 118.

For the errors before mentioned affecting appellant's rights as regards respondents Wood & Richards, the judgment as to them is reversed and the cause remanded.    As to respondents, the sureties, judgment is affirmed.

HAWLEY, J., concurring and dissenting.

I concur in the judgment of affirmance as to the sureties.

As to the respondents Woods & Richards, there is no settled or agreed statement on motion for a new trial, and hence nothing properly before us but the judgment roll. (*Lockwood* v. *Marsh*, 3 Nev. 138; *White* v. *White*, 6 Id. 20.)

In my opinion the objection to the statement is not one that is required, under rule 8, to be " noted in writing and filed at least one day before the argument," and although the objection was not made in the oral argument, it is made in the written brief that was filed within the time given by the court.    This, it seems to me, is not a waiver of the objection.

As no error appears in the judgment roll, I think that, under the previous rulings of this court, the judgment of the district court ought to be affirmed.

BEATTY, C. J., concurring and dissenting.

I concur in the opinion of Justice Leonard that counsel for respondents, Wood & Richards, by arguing this appeal on its merits, waived the objections which they afterwards made to the transcript, and I concur in his opinion that as to them the judgment should be reversed.    But I think the judgment as to the sureties ought also to be reversed.    The instructions given to the jury, at their request, were, in my

opinion, erroneous, and as the statement does not purport to contain all the evidence, it cannot be said to establish any fact so conclusively in favor of the sureties as to render the error in the instruction immaterial.