J. M. PEENAHELE, Administrator of the Estate of B. KA-
   HEWAHEWANUI, deceased, *v.* D. TOOMEY, M. S.
   GRINBAUM & CO., Limited, and MARIA MAKIHA.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 1, 1897.          DECIDED MAY 3, 1897.

FREAR AND WHITING, JJ., AND J. T. DE BOLT, ESQ., OF THE
        BAR, IN PLACE OF JUDD, C.J., ABSENT.

A. executed a mortgage of his right, title and interest in certain land to
   B. A. had no title then but afterwards acquired title. When the
   mortgage debt became due he requested C. to pay it, stating that he
   was in danger of losing the land by foreclosure, and promising to
   convey to C. an interest in the land. C., relying on this representa-
   tion and promise, paid the debt. A. did not execute the promised
   conveyance, but just before he died he executed without considera-
   tion a conveyance to another person who had notice of the trans-
   action between him and C. C. afterwards died. Held, that C. s ad-
   ministrator was entitled to be subrogated to the rights of the mort-
   gagee and to a decree of foreclosure and that A.'s grantee was es-
   topped by A.'s subsequent representation and promise to C. from
   setting up the defense of no title at the time the mortgage was
   executed.

OPINION OF THE COURT BY FREAR, J.

The facts are undisputed and are substantially as follows:
One Kailipuahilo executed a mortgage of all his right, title
and interest in certain parcels of land to D. Toomey, who was
acting as agent for Grinbaum & Co. At that time Kailipua-
hilo had no title to the land. His wife owned it. She after-
wards died and he inherited all or one-half of it. Afterwards

the mortgage debt having become due, Kailipuahilo asked Ka-
hewahewanui to pay the amount then owing on the mortgage,
representing at the time that the mortgage was a good and
valid mortgage on all the property named therein, and that
he was in danger of losing the property by foreclosure, and
agreeing to convey to Kahewahewanui the property subject to
a life interest in himself. Kahewahewanui, relying upon this
promise and representation, paid the amount due. Kailipua-
hilo never executed the promised conveyance, but just before
his death he executed without consideration a conveyance of
the property in fee to the defendant, Maria Makiha, who had
notice of the transaction between her grantor and Kahewa-
hewanui. The latter having died, the administrator of his
estate, J. M. Peenahele, brought a bill in equity, alleging the
above facts and praying for a decree that he be subrogated to
the rights of the mortgagee under the mortgage and have a
first lien on all the right, title and interest that Kailipuahilo
had in the land to the amount paid by his decedent with in-
terest, and for a foreclosure of the mortgage and a sale of the
property. A decree was signed in accordance with these pray-
ers and the case comes here on appeal therefrom by defendant
Maria Makiha.

It seems equitable, reasonable and in harmony with the nu-
merous authorities on the subject, that the complainant should
be subrogated to the rights of the mortgagee under the circum-
stances above set forth. See *Kapena v. Kaleleonalani*, 6 Haw.
579; *Hawaiian Government v. Cartwright*, 8 Haw. 697;
*Gans v. Thieme*, 93 N. Y. 225; *Detroit, &c., Co. v. Aspinall*,
48 Mich. 238; *Lockwood v. Marsh*, 3 Nev. 138; *Muir v.
Berkshire*, 52 Ind. 149; *Morgan v. Hammett*, 23 Wis. 30.
Defendants' counsel does not appear to dispute this. His con-
tention is that, since the mortgage purported to convey to the
mortgagee only the right, title and interest of the mortgagor
(which was nothing) and contained no covenants that would
cause the after acquired title to inure to the benefit of the

mortgagee, the complainant would gain nothing if he were subrogated to the rights of the mortgagee. But complainant's counsel does not rely on an estoppel by deed arising from the language of the mortgage in favor of the mortgagee, but upon an estoppel *in pais* arising directly in favor of the complainant's decedent from the promises and representations made to him by the mortgagor at the time the mortgage was paid, and more particularly from the mortgagor's representation that the mortgage was a valid lien on the land and that he was in danger of losing the land by foreclosure, and his promise that he would convey an interest in the land to said decedent, that is, substantially, that the land should be applied to compensate or reimburse said decedent for the money advanced. If the mortgagor would be estopped by his subsequent conduct towards complainant's decedent from setting up that the mortgage was nugatory because he had no title at the time it was executed, his grantee, the defendant Maria Makiha, with notice, would also be estopped. It seems to us that the mortgagor would be estopped under the circumstances. No case has been brought to our attention in which a mortgagor has been held estopped by such subsequent conduct from setting up the particular defense of no title at the date of the mortgage, but there are analogous cases in which somewhat similar subsequent representations have been held to estop the mortgagor from setting up other defenses, such as fraud, usury, payment, and failure of consideration. See *Smith v. Newton*, 38 Ill. 230; *Scott v. Sadler*, 52 Pa. St. 211; *Lesley v. Johnson*, 41 Barb. 359; *Wilcox v. Howell*, 44 N. Y. 398; *Bush v. Cushman*, 27 N. J. Eq. 131. Complainant's decedent paid the mortgage debt at the request of the mortgagor and on the belief induced by him that the mortgage conveyed a good title. The mortgagor or his grantee with notice should not be permitted to assert the contrary to the prejudice of the party who relied on the representation, or the administrator of his estate.

The decree appealed from is affirmed with costs, and the case is remanded to the Circuit Judge for such further proceedings as may be proper.

*Kinney & Ballou,* for complainant.

*A. S Humphreys,* for defendants.