G. H. GATO, APPELLANT, VS. DAVID WARRINGTON, ET AL., APPELLEES.

1. The liability of a surety is not to be extended, by implication, beyond the terms of his contract, and to the extent and in the manner pointed out in his undertaking he is bound, and no further.

2. A contract between a builder and a mechanic required the latter, in consideration of a specified sum, to erect, finish and deliver on a date mentioned certain buildings according to given plans and specifications, and the obligation of sureties was that the mechanic would fulfill in every particular the contract and deliver the buildings at the time required in a thorough, artisan and perfect manner: *Held,* That this obligation did not impose the duty of indemnifying the builder against liens for work done and material furnished in the construction of the buildings.

3. A material alteration or departure [from the obligation of sureties without their consent will have the effect to release them.

Appeal from the Circuit Court for Duval county.

STATEMENT.

Suit by appellant against appellees on bond.

On the 25th of October, A. D. 1890, appellant and McClatchy entered into an agreement whereby the latter covenanted and agreed, for the consideration thereinafter expressed, to erect, finish and deliver, on or before the first day of January, 1891, in true thorough artisan, perfect and substantial manner, certain build-

ings according to plans and specifications attached and made part of the agreement.

Appellant on his part agreed, in consideration of the covenants and agreements being kept and performed by McClatchy, to pay the sum of $8,260.00 as follows, viz: "As the work progresses the said J. McClatchy is to submit his weekly pay rolls duly signed and receipted, also for such material as may be on the ground."

The specifications and drawings were included in and made parts of the agreement, and no extra work was to be charged unless a separate estimate in writing was submitted and signed by appellant. There was also a provision that the contractor should insure the buildings before each payment for the amount of the payment to be made, the policy not to expire until after the buildings were completed and accepted. McClatchy as principal, and Warrington, and one Kernan as sureties, entered into a separate obligation on the same date whereby they acknowled themselves held and bound unto appellant in the sum of $2,000.00 upon condition that McClatchy would fulfill in every particular the said contract for the erection of the buildings according to plans and specifications, and would deliver the same on or before the date mentioned in the contract, finished in a thorough artisan, perfect and substantial manner.

The declaration sets out the terms of the agreement and obligation and alleges that Kernan died before the commencement of the suit, and that McClatchy did not comply with the contract in this, that plaintiff, appellant here, was compelled to pay a much larger sum for the erection of the buildings than the contract price, to-wit: The sum of $1071.83, in order that there

should be no lien upon the same for work done and material furnished for their construction; also that McClatchy did not deliver to plaintiff the buildings on or before the day fixed in the contract for their delivery, and that said buildings were not erected, finished and delivered in true thorough artisan, perfect and substantial manner according to the plans and specifications mentioned, whereby an action had accrued to plaintiff to demand the sum of $2,000.00.

After appearance by McClatchy and Warrington default was entered on rule day on which plea should have been filed, but subsequently on same day, Warrington filed a demurrer. The declaration was amended but McClatchy made no further appearance.

The pleas of Warrington on which issues were made up allege in substance first: That he did not as surety on the said bond promise as alleged to be responsible to plaintiff for any sum of money, and especially for the sum mentioned of $1071.83, which should be paid out by plaintiff in order that there should be no liens upon said buildings for work done and material furnished for their construction. Second: That there is no provision in the contract whereby the said McClatchy bound himself to repay or refund to plaintiff any sum of money and especially the sum of $1071.83, in order to prevent the imposition of liens on said buildings for work done and materials furnished for their construction.

Plaintiff replied to the pleas, in substance, as follows, viz: That Warrington ought not to be released from the payment of the sum of money demanded because he executed the bond which refers to the contract between plaintiff and McClatchy, and said bond was given to insure the faithful performance of said

contract by McClatchy and by the contract the latter was required to pay, and ought to have paid, for all work done and material furnished for the erection of the buildings and to complete and deliver the same free from all liens for the price mentioned in the contract, which he failed to do, but on the contrary left unpaid certain bills for work done and material furnished for the buildings, to a large amount, to-wit: The sum of $1071.83, whereby plaintiff was forced to pay the same in order to preserve his buildings from liens and force sale thereunder, wherefore McClatchy did not comply with his contract in that he did not erect, finish and deliver to plaintiff the said buildings for the sum mentioned in the contract.

Issue was joined on the replication.

Plaintiff introduced on the trial the agreement with McClatchy, the specifications for the buildings and the bond upon which suit was instituted. Plaintiff was examined and testified that he entered into the agreement with McClatchy to erect the houses for the sum of $8,260.00 which sum was afterwards increased by agreement $800.00 for plumbing, $30.00 for doors, and $26.40 for alterations in ceiling; and that at different times, as the work progressed, he had advanced money to McClatchy to pay laborers upon submission of rolls for same, and had from time to time paid certain bills for materials upon bills presented for the same and approved by McClatchy as correct, the whole amount of which payments largely exceeded the contract price and suit was instituted on the bond for the balance overpaid.

Certain receipts of payments were offered in evidence in connection with proof by plaintiff that he had

taken the receipts upon the payments for labor and material. The aggregate of the receipts is a little less than eleven thousand dollars and at least three thousand dollars of it is for money paid to McClatchy personally on account of the contract. The introduction of the receipts was objected to on the ground that the statute did not give a lien to materialmen, and this objection was sustained. Plaintiff thereupon excepted to the rulings of the court and took a non-suit with a bill of exceptions.

*Call & Adams*, for Appellant.

*Walker & L'Engle*, for Appellees.

MABRY, C. J.:

The accompanying statement shows the status of the case as finally disposed of in the Circuit Court, and the argument of the case here is confined to the question whether or not the statutes in force at the time gave a lien on buildings in favor of materialmen. The act of 1887, Chapter 3747, was the one in force when the contract in question was made, and the buildings therein provided for were erected; and while there can be no question as to the lien in favor of mechanics, laborers and other persons performing labor upon, or in the construction of any building, it is insisted that the fourth section of the act does not secure any lien in favor of materialmen, nor is there any other provision in the act for such a lien.

There is evidently an omission in the fourth section of the act, and counsel for appellant insist that the court can supply it in order to carry out the apparent meaning of the Legislature; and that, if this can not

be done, there is no repeal of the act of 1885, Chapter 3611, under which beyond question materialmen had a lien for material furnished in the construction of buildings.

We do not see that the decision of the question in favor of appellant, viz: That the statutes in force at the time did give materialmen a lien on buildings for material furnished in their construction—will entitle him to a recovery on the evidence offered in the trial court. The bond executed by McClatchy and sureties refers to the contract for the erection of the buildings, and provides for its fulfillment by McClatchy in every particular, but does the bond impose any obligation on the sureties to indemnify appellant against liens for labor done, and material furnished in the construction of the buildings? The pleas of Warrington in substance and effect set up the defense that no such obligation was imposed by the bond, and a demurrer to the pleas was overruled. The replication filed by appellant undertakes to construe the bond in connection with the contract to which it refers as imposing the duty upon the sureties of indemnifying appellant against lien claims for labor done and material furnished in the erection of the buildings, and issue was joined upon the replication. It is the duty of the court to construe the terms of a contract, and if a demurrer had been interposed to the replication the court would have been compelled to have passed upon its sufficiency. This was not done, and no question is raised here as to the sufficiency of any of the pleadings, but while this is the status of the record if it is apparent that appellant was not entitled to recover on the showing made the judgment should be affirmed al-

though the ruling of the court on the question presented may not have been correct.

The rule is well settled that the liability of a surety is not to be extended, by implication, beyond the terms of his contract, and to the extent, in the manner and under the circumstances pointed out in his undertaking he is bound and no further. State, use of Gore vs. Montague et al., 34 Fla. 32, 15 South. Rep. 589; Solary vs. Webster, 35 Fla. 363, 17 South. Rep. 646;. Carson Opera House Association vs. Miller, 16 Nev. 327; Truckee Lodge vs. Wood, 14 Nev. 293. The contract between appellant and McClatchy required the latter, in consideration of $8,260.00 to erect, finish and deliver on a date mentioned certain buildings in accordance with given plans and specifications; and the obligation of the sureties was that McClatchy would fulfill in every particular the contract and deliver the buildings at the time required in a thorough artisan perfect and substantial manner. The sureties have a right to stand upon the strict terms of their engagement, and we discover no specific agreement on their part to indemnify appellant against liens for work done and material furnished in the construction of the buildings, nor is such a liability contained in the reasonably necessary import of the terms of the obligation. And in addition to this, it is apparent from the contract that in paying for the construction of the buildings appellant reserved the right to pay McClatchy as the work progressed upon signed and receipted weekly pay rolls and for material on the ground. The proof shows that appellant advanced over $3,000.00 to McClatchy to pay laborers and not on receipted pay rolls. The receipts offered in evidence show over $3,000.00 paid to McClatchy without

reference to any receipted pay rolls, and appellant does not even claim that this amount was paid out on receipted pay rolls. If he paid this money in disregard of the terms of the contract he could not hold the sureties responsible for it, as any material departure from the agreement had the effect to release them. Carson Opera House Association vs. Miller, and Truckee Lodge vs. Wood, supra.

No other liability under the agreement than that sought to be imposed by reason of the payments for labor and material was attempted to be shown and on the proof we think it is clear that appellant was not entitled to recover even if the statutes in force at the time did secure a lien in favor of materialmen for material furnished in the construction of buildings. Conceding this to be the case there is no basis for recovery and we affirm the judgment.

In the disposition of the case we have assumed without deciding that materialmen had a lien by statute for material furnished in the construction of buildings.

An order will be entered affirming the judgment.