[S. F. No. 2551.   Department One.—December 18, 1902.]

JUDAH BOAS, Respondent, v. P. MALONEY et al., Defendants; WALTER DICKINS, and FRANK M. BARRETT, Appellants.

BUILDING CONTRACT—BOND OF CONTRACTOR—LIENS—LIABILITY OF SURETIES.—The sureties on the bond of a contractor, given for the faithful performance of a building contract, are entitled to stand upon the strict terms of their contract; and where the bond makes no mention of liens, and the building and repairs were completed according to the contract, and the full contract price was paid without complaint that the contract was not complied with, the sureties cannot be held liable for the amount of any liens thereafter filed upon the building for labor and materials furnished and used in its construction, notwithstanding the contract was not properly recorded and the liens were valid claims against the building. The owner can hold the contractor liable for the amount of such liens, but not his sureties.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts· are stated in the opinion.

Joseph Hutchinson, for Appellants.

Bert Schlesinger, for Respondent.

COOPER, C.—The defendant Maloney was the contractor in the construction of a certain building for plaintiff, and the appellants were the sureties upon a bond given by the contractor to the plaintiff. Defendant Maloney made default, and as he has not appealed, he may be considered eliminated from the case.

Judgment was entered against appellants, as sureties of Maloney, and hence this appeal from the judgment.

The question presented for determination is as to the liability of appellants upon the bond under the facts as disclosed by the record. The bond was given to secure the faithful performance of the contract made by Maloney. The contract provided that in consideration of the sum of $2,850 to be paid in certain installments, as designated in the contract, Maloney was "to furnish the necessary labor and materials, including tools, implements, and appliances required, and perform and complete in a workmanlike manner all the new work and repairing, plumbing, painting, plastering, etc., according to plans and specifications," etc. The bond given, after reciting certain conditions of the contract, provided: "Now, therefore, if said P. Maloney shall well and truly perform, observe, and abide by each and all of the covenants, provisions, and obligations contained in said contract, then this obligation· shall be discharged and of no further force or effect, but otherwise, it shall remain in full force or effect."

Maloney completed the building and repairs within the time and according to the plans and specifications of the contract, and delivered the same to plaintiff. He was paid the full amount of the contract price, and no complaint is made as to the contract not being complied with in regard to the building and repairs.

After the completion of the building, certain liens were

filed thereon, for labor upon the said building and materials
furnished and used in the construction thereof, amounting to
$796.91 more than the contract price. The building contract
was not properly recorded, and it is conceded that these liens
were valid claims against the building, and that plaintiff was
compelled to, and did, pay them in order to free the building
from the liens so filed. It is claimed by plaintiff, and was
held in the court below, that the fact that plaintiff was com-
pelled to pay off the liens, in addition to the contract price,
constituted a breach of the bond; and that as Maloney did
not construct and deliver the building free of all liens for
the contract price, the sureties are liable. This view cannot
be maintained. The sureties are to be held according to the
strict terms of their contract, and it cannot be extended by
implication so as to make them liable beyond its terms.
Maloney agreed to build and construct the house for $2,850.
He did the work according to the contract and has not claimed
any more than the $2,850. He furnished the labor and mate-
rials, and did not pay for them, and hence the liens were
filed. The amount due for the labor and materials was due
by Maloney, and not by the plaintiff. The bond did not pro-
vide that the building should be delivered up free from liens.
The plaintiff did not require nor did Maloney put such clause
in the bond. The fact that the debts due by Maloney, be-
came, by virtue of the statute, liens upon plaintiffs' property,
did not make the sureties liable. They had not agreed to pay
such liens, nor to be responsible therefor. The plaintiff can
hold Maloney for the amount thereof, but he cannot hold ap-
pellants, because they never became liable therefor. The
liability of plaintiff for the amount of the liens was a statu-
tory liability, and not by virtue of his contract with Maloney.
The bond given by appellants was, that Maloney would com-
ply with the covenants of his contract. There is no covenant
in the contract that the building shall be delivered free of
liens, nor that liens shall not be placed upon it.

The precise question at bar arose in *Gato* v. *Warrington*,
37 Fla. 542. The contract there provided that, for a definite
sum, the contractor would finish and deliver certain buildings
in accordance with given plans and specifications. The obli-
gation of the sureties was, that the contractor would fulfill in
every particular the contract and deliver the buildings at the

time required. It was claimed that the sureties were responsible to the owner for certain sums paid out to satisfy liens of materialmen and others. The court held otherwise, and in the opinion said: "The sureties have a right to stand upon the strict terms of their engagement, and we discover no specific agreement on their part to indemnify appellant against liens for work done and materials furnished in the construction of the buildings, nor is such liability contained in the reasonably necessary import of the terms of the obligation."

And on principle the late case of *Cadenasso* v. *Antonelle*, 127 Cal. 382, is in point. It was there held that where the undertaking of the sureties was to pay all persons performing labor or furnishing materials to the contractor, that the sureties were not liable to third parties who advanced money to the contractor. That money was not materials furnished within the meaning of the contract of suretyship. (See, also, *City of Sterling* v. *Wolf*, 163 Ill. 467; *Simonson* v. *Grant*, 36 Minn. 439.)

As the contract, bond, and findings show the question to be one of law, and as the sureties are not liable, a new trial would avail nothing.

We advise that the judgment be reversed and the lower court directed to enter judgment upon the findings in favor of the appellants.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the lower court directed to enter judgment upon the findings in favor of the appellants.

Harrison, J., Van Dyke, J., Garoutte, J.