[Civ. No. 469. Second Appellate District.—March 27, 1908.]

## ERNST F. C. KLOKKE, Respondent, v. ISADORE RAPHAEL, Appellant.

MECHANICS' LIENS—CONTRACTORS' BOND—CONDITION TO CANCEL ALL NOTICES AND LIENS—BREACH—DECREE OF FORECLOSURE—ATTORNEYS' FEES AS DAMAGES.—In an action by the owner of a building on a bond of the contractors conditioned that they should satisfy and release all notices and liens claimed against the owner within thirty-five days after its completion, and save the owner harmless from all damages therefrom, which they failed to do, after demand by the owner, he is entitled to recover as damages the amount of attorneys' fees which he was required to expend to protect his interest in an action to foreclose the liens, in which the amount withheld from the contractors to satisfy notices and liens was exhausted by the decree distributing the same *pro rata* among the parties entitled thereto, by the payment of which the owner secured a release of his property from all claims.

ID.—AMENDED COMPLAINT ON BOND—SERVICE AFTER TIME ALLOWED FOR FILING—MOTION TO STRIKE FROM FILES—AFFIDAVIT—DISCRETION.—Where the amended complaint in the action on the contractor's bond was filed within the time granted by the court, but was served after the time allowed for filing, but before the filing of a motion to strike the same from the files, there was no abuse of discretion in denying the motion, where plaintiff's affidavit showed a case entitling the court to exercise its discretion in retaining the pleading under section 473 of the Code of Civil Procedure for hearing on the merits.

ID.—GENERAL DEMURRER—UNCERTAINTY AS TO AMOUNT PAID ATTORNEY—PROOF SUPPORTED.—Where the complaint states a cause of

action to recover attorneys' fees expended, a general demurrer thereto was properly overruled, notwithstanding some uncertainty in the allegation of payment of the attorney, which was not made a ground of special demurrer, and which, in the absence of such demurrer, is sufficient to support proof as to the amount actually paid by plaintiff to his attorney in the foreclosure suit for attorneys' fees.

ID.—INCLUSION OF COSTS PAID TO ATTORNEY WITH FEES—MODIFICATION OF JUDGMENT.—Error appearing in the judgment, in including costs paid to the attorney by plaintiff, with the fees paid for his services, does not require reversal, but may be corrected by a modification of the judgment, as of the date of its rendition.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. Janes, Judge.

The facts are stated in the opinion of the court.

H. S. G. McCartney and E. C. Bower, for Appellant.

Walter G. Van Pelt, for Respondent.

SHAW, J.—This is an action to recover upon a bond signed by appellant as one of the sureties and given to secure the performance of a builder's contract, which, among other provisions, contained the following:

"The contractor shall, on or before thirty-five days after the acceptance of the building, cancel and release the said building and premises from all claims that may have accrued against the said building by reason of the aforesaid erection."

The condition of the bond was that if the contractor should strictly keep and perform all the covenants of the contract by him to be kept and performed, and should on or before thirty-five days after completion of the building cancel and release the said building from all liens that might have accrued against the same in and by reason of the performance of said contract, and should save the owner free and harmless from all damages therefrom, as in said contract provided, the bond should be void.

It was provided in the contract that the cost of the building should be paid in installments, of which the sum of $558.75 was payable on completion, and $1,117.50 payable

thirty-six days thereafter. The building was completed according to the contract, and plaintiff, on June 20, 1903, duly accepted the same. Prior to said acceptance and before the expiration of thirty days thereafter a number of mechanics and laborers who had been employed in the construction of the building by the contractors, and certain others who had upon the order of said contractors furnished material for said building, served notice that they had not been paid for said labor and material, and demanded that plaintiff withhold payment of the balance in his hands due said contractors under the terms of said contract. Whereupon, plaintiff retained in his hands said installment of $558.75, which became due to said contractors upon the completion of the building, and also withheld payment of the last installment of $1,117.50, and made demand upon said contractors that they cancel the demands of said laborers and materialmen and release the building from the lien thereof. The contractors neglected and failed so to do, and left the state. Within thirty days after completion of the building notice of eleven liens, claimed on account of labor performed and material furnished, were filed against the building and premises.

The complaint alleges that thereafter suit was instituted to foreclose said liens and said contractors, though made parties to said suits, neglecting upon demand to do anything in the premises, plaintiff, by reason of the failure of the contractors to release said building from said liens as covenanted in said contract, and in order to protect his interest in the suits to foreclose said liens against his building, was obliged to, and did, employ an attorney to represent him therein, and was compelled to pay said attorney a large sum of money for services rendered in said suits. That by reason of said contractors' failure to comply with the terms and conditions of their contract, for the performance of which said bond was given, plaintiff was damaged in the sum of money which he had paid and for which he had become indebted to his attorney, which damage, it is alleged, amounts to $500.

The court found all the issues in favor of plaintiff, and further found the amount actually paid by plaintiff to be $388.90, for which sum it gave him judgment, and from which defendant appeals.

1. Appellant moved the court to strike from the files plaintiff's second amended complaint upon the ground that, al-

though it had been filed within the time granted by the court for filing the same, no copy thereof had been served upon appellant or his attorneys until the expiration of such time. The amended complaint was duly filed within the time granted and a copy thereof served upon appellant before the filing of his motion. There was no abuse of discretion in the denial of the motion upon the showing made by plaintiff's affidavit. Under section 473 of the Code of Civil Procedure a wide latitude of discretion is vested in courts of original jurisdiction in relieving parties from default in the performance of acts where such default tends to obstruct a hearing of pending actions. Where the exercise of such discretion is to accord litigants a trial upon the merits, the abuse thereof must clearly and conclusively appear in order to justify interference by this court.

2. Defendant interposed a general demurrer which was overruled, and this ruling is assigned as error.

It is insisted that attorneys' fees paid by plaintiff are not recoverable on the bond because such damage is remote; that if they are recoverable, the complaint fails to allege payment thereof by plaintiff; that it does not appear from the complaint that the amount of money payment of which was withheld from the contractors was inadequate to pay the amount of all the liens, and the complaint contains no allegation showing the amount of the liens. There is no merit in these and other grounds urged against the ruling of the court on the demurrer. However inartificially drawn the complaint may be, the objections thereto are not subjects of a general demurrer. It sufficiently states a cause of action.

The allegation of payment, while ambiguous and uncertain, is nevertheless sufficient (there being no demurrer interposed to the complaint upon such ground) to justify the admission of evidence of the amount actually paid by plaintiff to his attorney for services rendered in the proceedings to foreclose said liens.

While it is not alleged that the amount withheld was inadequate to pay all liens and claims, it does appear that plaintiff was by said notices of claims served upon him required to, withhold the balance due the contractors, and that this entire balance was required, by decree of court rendered in the actions to foreclose said liens, to be paid and distributed to

said lienors, and that the whole amount was exhausted. *Burnett et al.* v. *Glas et al.* (Cal. App.), [Rehearing, 97 Pac. 423, granted Sept. 14, 1907], cited by appellant, furnishes no support for his contention on this point, for the reason that the facts of that case differ widely from the case at bar. No valid contract was involved therein, and the owner held in his hand nearly $1,000 due to the contractor over and in excess of all claims and liens against his property, which he wrongfully refused to pay over.

3. Appellant's chief contention is that plaintiff is not entitled to recover attorneys' fees paid, for the reason that the damage resulting from such payment is too remote and consequential. The contractors defaulted in their covenant to cancel and release the building from all claims which accrued against it. Liens were filed upon the premises and suits instituted to foreclose the same. The contractors failed and neglected to defend these suits, as they were required to do under the provisions of section 1193 of the Code of Civil Procedure. Plaintiff was ready, upon the release of his property from the liens thereon, to pay the parties entitled thereto the balance remaining in his hands due the contractors. He had no means of ascertaining whether the claims were just or unjust. He could not, except at his peril, voluntarily pay them. Therefore, in the absence of any action on the part of the contractors, he was entitled to have the rights of the lienors established by decree of court. The contractors failing to perform their covenant, plaintiff's only course of safety was to secure a release of his property by proceedings in court. To accomplish this result it was necessary to employ an attorney to represent him in such actions as were brought to enforce the liens. As a result of these suits and the action taken by plaintiff, the amount of the liens was ascertained and the balance in his hands due the contractors ordered distributed *pro rata* to the parties entitled thereto, through the payment of which plaintiff secured a release of his property from said claims.

The reasonable amount paid his attorney for services rendered in said actions was the direct and proximate damage resulting to plaintiff by reason of the breach of the covenant of the contractors to cancel and release the said building and premises from all claims, a covenant for the performance of

which the bond was given as security. In the case of *Hickman* v. *Craig*, 6 Mo. App. 583, it was held that, ''where one agreed to deliver a house free of liens, the measure of damages where there had been a breach of the covenant against liens is the amount plaintiff was compelled to pay on account of liens, including costs and attorneys' fees in defending the lien suits.'' In *Tally* v. *Ganahl*, 151 Cal. 418, 423, [90 Pac. 1049], the court, in discussing the right to recover attorneys' fees upon a bond containing a similar condition and where claims of lien had been filed against the premises and suits instituted thereon, says: ''As a result of the suits and of her (plaintiff's) employment of the attorney, the amount of the liens was ascertained, she paid the amount into court and secured a discharge of the several liens. The amount paid to the attorney in these suits was claimed in the complaint as special damages and was allowed by the court, after due proof of the facts. We perceive no error in this. It was damages proximately caused by the breach of the agreement to deliver the building free from liens, a covenant for which the bond was security. The liens in question were fairly within the terms of that agreement, the owner was acting in good faith, and the fee was found to be reasonable.''

4. There is nothing in the point suggested that the findings are not supported by the evidence. The employment of an attorney; the necessity for such employment; the actual payment by plaintiff of the sum found due and for which judgment was rendered; the reasonableness of the amount so paid, together with the fact that the services were performed and the expenditures made in good faith, are all conclusively shown by the evidence.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 25, 1908, and the following opinion then rendered:

SHAW, J.—In the petition for a rehearing filed herein our attention is directed to a fact overlooked in the opinion. The judgment rendered includes the amount of $28.90, which sum as shown by the evidence was paid by plaintiff to his attorney as costs and not for legal services rendered. No

claim is made for money expended as costs; therefore, under the pleadings, plaintiff's right to recovery is measured by the sum actually expended by him for *attorneys' fees only.*

This sum, as appears by the evidence, was $360. It follows that the inclusion of the $28.90 by plaintiff paid out as costs was unwarranted. It is not necessary, however, to reverse the judgment or order a new trial, as the error may be corrected by a modification of the judgment. (*McConnell* v. *Corona City Water Co.,* 149 Cal. 60, [85 Pac. 929].)

It is therefore ordered that the judgment be modified by deducting therefrom as of the date of its rendition the sum of $28.90, and as thus modified it is affirmed.

The petition for rehearing is denied.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 25, 1908.