[Civ. No. 1102.   First Appellate District.—December 3, 1912.]

## E. J. CALLAN, Respondent, v. THE EMPIRE STATE SURETY COMPANY (a Corporation), Appellant.

BUILDING CONTRACT·FOR MATERIAL AND LABOR—BOND FOR FULL PER-
FORMANCE—ABANDONMENT OF CONTRACT—MATERIAL AND LABOR UN-
PAID—LIENS—PAYMENT AND COMPLETION BY OWNER—LIABILITY OF
SURETY.—Where by the terms of a building contract, the contractor
agreed with an owner for the sum of seven thousand dollars to fur-
nish all the material and labor necessary, to build and complete,
according to plans and specifications, a two-story frame building
within seventy-five working days, and upon its execution, the surety
company appealing gave a bond to secure its full performance, to
which a copy of the contract was attached; and where the con-
tractors, after a part performance, abandoned the contract, leaving
debts for material and labor, for which liens accrued, which were
paid by the owner, who completed the structure; it is held that
the surety company is liable on its bond for the reasonable and
necessary cost to the owner of completing the building, including
the necessary payment so made, together with damages for the loss
of rentals caused by the delay of the contractors to complete it
within the time agreed.

ID.—CASE DISREGARDED AS NOT AUTHORITATIVE AGAINST LIABILITY OF
SURETY AS TO LIENS PAID BY OWNER.—The case of *Boas v. Maloney*,
138 Cal. 105, [70 Pac. 1004], is disregarded as no longer authoritative
against the liability of a surety for liens for unpaid labor and ma-
terials paid by the owner, who is compelled to complete the contract.
That case is without present authority in this state, and is held to be
counter to the great weight of authority in other jurisdictions on that
question.

ID.—TERMS OF CONTRACT OF SURETY COMPANY.—Upon the execution of
the bond, the surety company became a party to the contract with
the owner, and was bound by its provisions that the contractors
would furnish materials and erect the structure and faithfully com-
ply with all the terms, covenants, and conditions of the contract.
A bond may incorporate by reference thereto other contracts or
instruments, or it may be conditioned for performance thereof, in
which case the bond and papers referred to should be read together
and construed as a whole.

ID.—CONTRACTS OF SURETYSHIP TO BE CONSTRUED AS OTHER CONTRACTS.
Section 2837 of the Civil Code provides that in interpreting the
terms of a contract of suretyship the same rules are to be observed
as in the case of other contracts.   It is held that such construction
means that the contract shall be fairly construed with a view to

effect the object for which it was given, and to accomplish the purpose for which it was designed, and is to be reasonably interpreted as other contracts are.

ID.—SUFFICIENCY OF EVIDENCE—USE OF MATERIALS FOR LIENS PAID—COST OF COMPLETION—DAMAGES FOR DELAY.—The evidence sufficiently shows that the materials represented by the claims of lien paid by the owner were used in the building, and sufficiently sustains the findings as to the reasonable cost of completion, and as to damages in the sum of three hundred and eighty dollars for delay in the completion of the building.

ID.—SMALL DISCREPANCY AS TO ITEMS OF COST—MODIFICATION OF JUDGMENT.—A small discrepancy in the sum of $14.67, in the items of cost, will not warrant a reversal, but may be corrected by a modification of the judgment.

ID.—RULING ON PETITION FOR REHEARING—OPINION SUSTAINED AS TO CASE DISREGARDED AS AUTHORITY.—The supreme court in denying a petition for rehearing, expresses agreement "with the reasoning of the district court of appeal to the effect that *Boas* v. *Maloney,* 138 Cal. 105, [70 Pac. 1004], is no longer to be regarded as authority."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

George F. Hatton, and Hartley F. Peart, for Appellant.

William S. Downing, for Respondent.

KERRIGAN, J.—The plaintiff herein entered into a building contract with certain contractors, by the terms of which the latter promised and agreed for and in consideration of the sum of seven thousand dollars to furnish all the material and labor necessary to build and complete, according to plans and specifications, a two-story frame building within seventy-five working days. Plaintiff agreed to pay in installments as the work progressed. Upon the execution of the contract the defendant Empire State Surety Company (appellant), as surety, executed a bond in the sum of $1,750, which recited that the contractors had entered into this contract with plaintiff, describing it and having a copy thereof attached, and which was conditioned that if the principals "shall well, truly and faithfully comply with all the terms, covenants and con-

ditions of said contract on their part to be kept and performed according to its tenor, then this obligation to be null and void, otherwise to be and remain in full force and virtue in law.''·

The contractors, after performing a portion of the work and receiving the first payment as prescribed in the contract, abandoned it, leaving debts for materials and labor, for which liens and claims accrued. These were paid by the plaintiff, who completed the structure.

The action was brought to recover the sum of $921.80 as damages from the Empire State Surety Company and the contractors, such sum being claimed to be the reasonable and necessary excess cost to plaintiff of completing the building, together with the further sum of three hundred and eighty dollars damages for loss of rentals caused by the delay and failure of the contractors to complete the structure within the time fixed by the contract. No appearance was made on behalf of the contractors.

Plaintiff recovered judgment against the appellant herein as surety upon its bond in the sum of $1,301.80, the full amount prayed for in the complaint.

Several points are urged by the appellant for a reversal of the judgment and order denying a new trial, the main contention, however, being that the surety company is not bound, by the terms of its undertaking, to indemnify the plaintiff against loss arising from the payment by him of claims and mechanics' liens. It is contended by appellant that its bond and undertaking was for the performance of the agreement of the contractors to *furnish* materials and labor, and that as neither the agreement nor the bond provided that the contractors or surety should pay or discharge any claims or liens for materials or labor furnished upon the structure, it is not incum, bent upon appellant to perform this condition. In other words, the appellant claims that when the material and labor were furnished their contract was complied with, and that it had not obligated itself to protect the owner against the *costs* of material and labor used in the construction of the building.

In support of this contention we are cited to the elementary proposition of law that sureties are never bound beyond the strict letter of their contract; that they have a right to stand upon the precise terms of their agreement, and that there is

no authority for extending their liability beyond the stipulation to which they have chosen to bind themselves.

What was the contract? Upon the execution of the bond appellant became a party to the contract and was bound by its provisions. A bond may incorporate, by reference expressly made thereto, other contracts or written instruments; or it may be conditioned for the performance of agreements set forth in such instruments, in which case the bond and papers referred to should be read together and construed as a whole (5 Ency. of Law and Proc., 757, and cases cited). This being so, what construction should be put upon the agreement, of which the bond was a part, to furnish all labor and material necessary to build and complete the house? Can it be said that where a contractor agrees to furnish all the labor and materials necessary to build and complete a house, he may comply with this requirement by simply placing the materials upon the ground, engaging the labor, and leaving the owner to pay therefor, or permit a lien to stand against his property?

Under its contract the surety company bound itself that the contractors would furnish the materials and erect the structure, and faithfully comply with all the terms, covenants, and conditions of the contract. To our mind this case would be easy of solution were it not for the decision in *Boas* v. *Maloney*, 138 Cal. 105, [70 Pac. 1004], where the precise question arose and was determined. There the contract provided that in consideration of a sum to be paid in certain installments, Maloney was to furnish the necessary labor and materials, and perform and complete in a workmanlike manner all the new work and repair, etc., according to plans and specifications. The bond given, after reciting certain conditions of the contract, provided: "Now, therefore, if said Maloney shall well and truly perform, observe, abide by each and all the covenants, provisions and obligations contained in said contract, then this obligation shall be discharged and of no further force or effect, but otherwise it shall remain in full force and effect," etc. It will be noticed that the facts are on all fours with the present case so far as the contract itself is concerned. The court said:

"The sureties are to be held according to the strict terms of their contract, and it cannot be extended by implication so as to make them liable beyond its terms. Maloney agreed to build and construct the house for $2,850. He did the work

according to the contract, and has not claimed any more than the $2,850. He furnished the labor and materials, and did not pay for them, and hence the liens were filed. The amount due for the labor and materials was due from Maloney, and not by the plaintiff. The bond did not provide that the building should be delivered up free from liens. The plain-tiff did not require nor did Maloney put such clause in the bond. The fact that the debts due by Maloney became, by virtue of the statute, liens upon the plaintiff's property did not make the sureties liable. They had not agreed to pay such liens nor to be responsible therefor."

The court cited to sustain this conclusion the case of *Gato* v. *Warrington*, 37 Fla. 542, [19 South. 883].

The Maloney case has not been followed in this state or else-where, and it, with the Gato case, have been referred to with disapproval in various jurisdictions.

In view of the conclusion we have reached that the Maloney case does not lay down the correct doctrine, a somewhat extended review of the authorities seems appropriate.

In the case of *American Bonding Co.* v. *Pueblo Inv. Co.*, 150 Fed. 17, [10 Ann. Cas. 357, 9 L. R. A. (N. S.) 557, 80 C. C. A. 97], the court rejects the doctrine expressed in *Boas* v. *Maloney*, 138 Cal. 105, [70 Pac. 1004], and *Gato* v. *Warrington*, 37 Fla. 542, [19 South. 883]. In the course of the opin-ion the court says: "that the effect of these decisions is that an agreement to furnish work and material to the owner of prop-erty for a price paid, which is commensurate with the full value thereof, is performed when the contractor furnishes the work and material at the expense of the owner, so that the latter is compelled to pay for them twice, while the former gets the price for little or nothing. This view failed to com-mend itself to the supreme courts of Indiana and Kentucky, and they held that an agreement to furnish was an agreement to pay for such work and material, and that the owner of the property was entitled to recover of the surety the money paid to discharge liens therefor under a similar contract and bond." (Citing *Mackenzie* v. *School Trustees*, 72 Ind. 189, 196; *Mayes* v. *Lane*, 116 Ky. 566, [76 S. W. 399, 400].)

The Michigan supreme court in *Stoddard* v. *Hibbler et al.*, 156 Mich. 335, [120 N. W. 787, 24 L. R. A. (N. S.) 1075), deciding a similar case to the one at bar, commented upon *Boas* v. *Maloney* as follows: "The court (California) cited to

sustain the contention the case of *Gato* v. *Warrington.* The reasoning of these cases does not commend itself to the court. In view of the statute of this state which entitled laborers and materialmen to liens, it seems to us a most narrow construction to say that when the contractor agrees to furnish all labor and material necessary to build and complete a house, he may comply with the requirements by simply placing the material on the ground, engaging the labor, and leaving the owner to pay for it, or to permit a lien to stand against his property. This is not furnishing the materials in any substantial way, and we find that other courts have taken a very different view from that expressed in the cases referred to.''

In *Mayes* v. *Lane,* 116 Ky. 566, [76 S. W. 399], the court had this same question under consideration, and it was claimed, as here, on behalf of the sureties, that the terms of their bond were complied with when the material and labor were furnished; that their contract did not require them to protect the owner against the costs of the material and labor. The court held that the contractor had not complied with his contract when he furnished the material and labor unless he also paid for it.

So, also, in the case of *Kiewit* v. *Carter,* 25 Neb. 460, [41 N. W. 286], where the contractor for the erection of a building gave a bond with sureties to faithfully perform all the covenants and agreements of a building contract, which provided that he was to furnish all materials, it was held that a failure to pay for such materials, whereby a mechanic's lien was filed on the building and lot, was a breach of the condition of the bond, and rendered the builder and his sureties liable thereon. This case was cited with approval in *Friend* v. *Ralston,* 35 Wash. 424, [77 Pac. 794].

To the same effect is *Closson* v. *Billman,* 161 Ind. 610, [69 N. E. 449]. In that case the contract was to furnish all materials and to build and construct a residence. The bond was to construct and complete according to contract and within a time limit. The court held that the provisions of the bond to construct and complete according to contract required the contractor to furnish and pay for the necessary materials so as to deliver them free of lien. The court added: "To hold, in the face of the bond and contract, that the construction and completion of the building in accordance with the plans and specifications was a compliance with the bond,

although the owner would be compelled to pay out large sums in excess of the amount stipulated in the contract to discharge liens for the purchase price of materials, would be to keep the word of promise to the ear, but to break it to the hope.''

The same doctrine is sustained in *McRae* v. *University of the South,* (Tenn. Ch. App.), 52 S. W. 463, where it was decided that although the bond was silent as to liens, and provided for forfeiture merely in case all the requirements of the contract were not carried out, nevertheless it was to be construed as an indemnity bond protecting the obligee against claims for labor and materials furnished.

And again in *Crowley* v. *United States Fidelity & Guaranty Co.,* 29 Wash. 268, [69 Pac. 784], where it was contended, under a bond with the same conditions as here, that an amount received by lien claimants should not be allowed, because the terms of the bond did not contemplate such damages, it was held that a bond providing that the contractor should perform his contract—which required him to furnish materials and labor—should be construed to obligate him to pay for them, not simply to supply them. The court said ''This is the only reasonable doctrine from such an agreement. If the contractor furnished materials under the contract, for which he did not pay and on account of which liens were filed, it became the duty of the contractor, or in default thereof the surety, to pay these liens and neglecting to do so and thereby causing damage to the respondent, he can recover.''

To the same point is *Wheeler, Osgood & Co.* v. *Everett Land Co.,* 14 Wash. 630, [45 Pac. 316], where it was claimed that the provision in the bond requiring the contractor to furnish the material did not mean that he was to pay for it; but the court rejected this contention.

It will thus be seen that *Boas* v. *Maloney,* upon which appellant relies, has not met with approval in other jurisdictions; nor has it been followed by our supreme court. The case was decided upon the strict doctrine that sureties are never bound beyond the strict letter of their contract, and that claims against them are *strictissimi juris.* Section 2837 of the Civil Code provides that in interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts. As was said by Mr. Justice Lorigan in *Sather Banking Co.* v. *Briggs Co.,* 138 Cal. 724, [72 Pac. 352], ''While it is true that a surety cannot be held beyond the

express terms of his contract, yet in interpreting the terms of a contract of suretyship the same rules are to be observed as in the case of other contracts. Such construction does not mean that words are to be distorted out of their natural meaning, or that by an implication something can be read into the contract that it will not reasonably bear; but it means that the contract shall be fairly construed with a view to effect the object for which it was given, and to accomplish the purpose for which it was designed. The old rule of *strictissimi juris* applies only to the extent that no implication shall be indulged in to impose a burden not clearly inferrable from the language of the contract, but does not apply so as to hold that a contract shall not be reasonably interpreted as other contracts are.'' (See, also, to the same effect *Pratt* v. *Matthews,* 24 Hun, (N. Y.) 387.)

The obligation of the surety here was that the contractor should faithfully perform the conditions of his contract, and this he did not do. The case of *Russell* v. *Ross,* 157 Cal. 174, [106 Pac. 583], involved a bond conditioned as here for the faithful performance of a contract. In that case Russell contracted with Ross to build a vessel, and a surety company executed a bond, as here, for the faithful performance of the contract. An examination of the record on appeal in that case will disclose that there was no provision made for the payment of liens in the contract or bond. The contractor abandoned his contract; and Mr. Justice Melvin, speaking for the court in affirming the judgment of Judge Sloss, before whom the case was tried, held the surety company to be liable for the amount of the bond. We are thus of the opinion that the case of *Boas* v. *Maloney* does not lay down the prevailing doctrine in this state.

It is further claimed by appellant that the record does not show by competent evidence that any of the claims for labor or material satisfied by the owner were valid, or that any of the labor or material alleged to be represented by those claims were furnished to be used, or were used, in the erection of the building, and that the only evidence presented in regard to the same was hearsay and inadmissible. An examination of the record does not support this contention. Plaintiff testified without objection as to the investigation of each of the claims, and was examined by the court as to whether or not the materials were used in the building.

The further objection is made that the evidence fails to disclose proof of the reasonable cost of completion. There is ample evidence to support this finding, as also the finding as to the damages of three hundred and eighty dollars for the delay in the completion of the building.

There is, however, a discrepancy between the computation of respondent's claim and the judgment. The items going to make up the cost of the completion of the building appear to be $907.13, while the judgment was for $921.80, a difference of $14.67. This sum deducted from $1,301.80, the full amount of the judgment, leaves the sum of $1,287.13. It is not necessary to reverse the judgment or order for this reason, as the error may be corrected by a modification of the judgment. (*McConnell* v. *Corona City Water Co.*, 149 Cal. 60, [8 L. R. A. (N. S.) 1171, 85 Pac. 927]; *Klokke* v. *Raphael*, 8 Cal. App. 1, [96 Pac. 392].)

It is therefore ordered that the judgment be modified by deducting from the amount thereof the sum of $14.67, and with this modification the judgment and order denying a new trial are affirmed.

Lennon, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court, on February 1, 1913, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing in the supreme court is denied and we agree with the reasoning of the district court of appeal, to the effect that *Boas* v. *Maloney*, 138 Cal. 105, [70 Pac. 1004], is no longer to be regarded as authority.