SUGARLAND DRAINAGE DISTRICT GLADES AND HENDRY COUN-
TIES, FLORIDA, for the use and benefit of STANDARD OIL
COMPANY, a Kentucky Corporation, *Plaintiff in Error*,
v. ELBRIDGE D. BARR and DETROIT FIDELITY AND SURETY
COMPANY, a Michigan Corporation, *Defendants in Error*.

Division B.

Opinion filed April 26, 1930.

Petition for rehearing denied June 26, 1930.

*Clements & Craven*, of Fort Myers, and *Shackleford, Ivy,
Farrior and Shannon*, of Tampa, for Plaintiff in Error;

*Henderson & Franklin*, of Fort Myers, for Defendants
in Error.

STRUM, J.—This is an action at law upon a surety bond
executed by a contractor engaged in the performance of
public work. The action brought by the use. plaintiff is
for materials alleged to have been furnished in the per-

formance of the work. Writ of error is taken to final judgment upon demurrer sustained to the declaration, plaintiff declining to amend.

The principles announced in City of Ocala, for the use and benefit of Standard Oil Company, Plaintiff in Error, v. Continental Casualty Company and Baker & Foulks, Inc., Defendants in Error, decided at this term, are largely determinative of the questions here presented.

One additional contention is made in this case which is based upon matters not involved in the case just cited.

In this case Elbridge D. Barr submitted a bid to perform the work, and with his bid submitted what is known as a "bid bond," dated April 1, 1925, the condition of which was that if the bid of the said Barr was accepted, and, amongst other things, if the contractor "gives bond with good and sufficient surety or sureties, as is required for the faithful and proper fulfillment of such contract, then this bond to be void." This bond was executed by Detroit Fidelity and Surety Company, as surety.

Barr's bid was accepted and he became the contractor for the work. He then entered into a contract for the work and furnished a "contractor's bond" executed by himself as principal and said Detroit Fidelity and Surety Company, as surety, this being the same surety company which executed the bid bond above mentioned.

The condition of the contractor's bond executed pursuant to said bid and contract was that "if the said principal (Barr) shall well and truly perform all the covenants and stipulations in said contract contained and shall pay all damages which may be sustained to the said obligee and any person or persons resulting from the negligence of said principal, their agents or employees, in the performance of said work and shall save the said obligee harmless from any and all claims for damages aforesaid and

from any liens or claims for labor and materials under the laws of the State in which the work specified in said contract shall be performed, then this bond shall be void * * *.''

It is contended that the contractor's bond containing the obligation just quoted is a sufficient compliance with Sec. 3533, R. G. S. 1920 (Sec. 5397 Comp. Gen. Laws 1927) so as to afford plaintiff protection as a materialman. It is further contended that even if the contractor's bond does not conform to the statute the plaintiff should nevertheless recover thereon because of the execution of the bid bond containing the obligation aforesaid to "give bond (a contractor's bond) with good and sufficient surety or sureties, as is required for the faithful and proper performance of said contract.'' The contract bond being executed by the same surety who executed the bid bond, it is contended that the surety is estopped to deny that it is liable upon the contract bond to make payments to persons furnishing labor and material to the principal contractor in the performance of the work, because such payment is one of the things necessary to the faithful and proper fulfillment of the contract, for which purpose the bidder's bond executed by the surety covenants that a contract bond shall be subsequently executed. It is also urged that if the contract bond actually executed by the parties did not conform to the statute, such omission constituted a breach of the bid bond upon which plaintiff could recover.

This action, however, is brought upon the contractor's bond, not upon the bid bond. These are two separate and distinct instruments. It is for a breach of the contractor's bond, and not the bid bond, that the plaintiff sues and upon which it declares in its declaration. Even if the plaintiff could recover at all on the bid bond, the facts with reference to execution of the bid bond are alleged in this

action only as matters of inducement, and not as the basis of the cause of action herein. L. & N. R. R. Co. v. Guyton, 47 Fla. 188, 36 So. R. 84; Lyle v. Wynn, 45 Fla. 419, 34 So. R. 158.

Upon the declaration herein, only the contractor's bond can be considered in determining plaintiff's right to recover. The language employed in the contractor's bond here sued on differs somewhat from that of the bond involved in the City of Ocala case, *supra*. This bond, however, does not contain the additional obligation prescribed by Sec. 3533, R. G. S. 1920 (Sec. 5397, Comp. Gen. Laws 1927), that the contractor shall promptly make payments to all persons supplying him labor, material and supplies in the prosecution of the work, nor does it contain language of similar legal import, as was the case in Fulghum v. State, 92 Fla. 662, 109 So. R. 644. In the particular respect here under consideration, the defendant's liability under the bond and the plaintiff's right to recover, are therefore governed by the principles enunciated in the City of Ocala case, *supra*. See also McCrary Company v. Dade County, 80 Fla. 652, 86 So. R. 612.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.