UNITED STATES of America, for the Use of The RUBEROID CO., a corporation, Plaintiff,

v.

STANLEY W. NEWMAN COMPANY, Inc., a corporation, and The Western Casualty and Surety Company, a corporation, Defendants and Third Party Plaintiffs (Southeastern Surety Company, a corporation, and Harry B. Gay, individually and doing business as Gay-Smith Roofing and Supply Company, a sole proprietorship, Third Party Defendants).

Civ. A. No. 691.

United States District Court
N. D. Florida, Pensacola Division.

Nov. 30, 1955.

Fisher & Hepner, Pensacola, Fla., for plaintiff.

Yonge, Beggs & Lane, Pensacola, Fla., for defendants and third party plaintiffs.

Smith, Hand, Arendall & Bledsoe, Mobile, Ala., Caldwell, Parker, Foster, Wigginton & Miller, Tallahassee, Fla., for third party defendants.

DE VANE, Chief Judge.

This action was instituted by The Ruberoid Co., pursuant to Section 270a et seq., of Title 40 U.S.C.A. otherwise known as the Miller Act, to recover from Stanley W. Newman Company, Inc., and The Western Casualty and Surety Company, a corporation, for materials furnished to and used by Harry B. Gay, individually and doing business as Gay-Smith Roofing and Supply Company.

The complaint filed in the case alleges that defendant Newman entered into two construction contracts with the United States of America covering the construction by Newman for the Government of

certain buildings and improvements at Auxiliary Field No. 9, Eglin Air Force Base in Okaloosa County, Florida.

It is further alleged that Newman entered into two subcontracts with Harry B. Gay, doing business as Gay-Smith Roofing and Supply Company for the performance by said subcontractor of a portion of the work required under said prime contracts.

It is further alleged, and, it is conceded by the parties, that Gay-Smith defaulted in the performance of both his contracts before either was completed and that upon being notified Southeastern Surety Company, who had executed and issued to Newman a performance bond in behalf of Gay-Smith, took over both subcontracts and completed the work, paying all expenses incurred by it in the performance of the subcontracts, but refused to pay for materials or labor furnished to Gay-Smith prior to default.

Upon being sued defendants petitioned the court, as third party plaintiffs, and brought in the Southeastern Surety Company, a corporation, and Harry B. Gay, individually and doing business as Gay-Smith Roofing and Supply Company as third party defendants, alleging that if they were liable to plaintiff because of the failure of Gay-Smith and Southeastern Surety Company to pay for said labor and materials, said parties were liable over to them for the same.

The court has entered a summary judgment in favor of the use plaintiff, The Ruberoid Co., against the defendants and third party plaintiffs and now has before it, on motion for summary judgment, the question as to whether these parties are entitled to recover against the third party defendants. It is the contention of the third party defendants that the Surety Company issued to the prime contractor a performance bond only and is not obligated under its bond to pay material men or laborers for debts incurred by its principal, Gay-Smith, in the performance of the subcontracts in question prior to default upon said subcontracts.

In support of this position third party defendants rely upon several Florida cases, principally Gato v. Warrington, 37 Fla. 542, 19 So. 883; J. B. McCrary Co. v. Dade County, 80 Fla. 652, 86 So. 612; Fulghum v. State, for use of Merritt, 92 Fla. 662, 109 So. 644 and Sugarland Drainage District v. Barr, 99 Fla. 928, 128 So. 25.

The court has carefully examined and studied these cases and is of the opinion that none of them are applicable and controlling in this case. While the Supreme Court of Florida, in these cases, does point out certain technical limitations to the liabilities of obligors upon a performance bond, the bond furnished in this case by the third party defendants is not such a bond. This bond expressly obligates the subcontractor "to pay for all materials, skill, labor and instrumentalities used in or in connection with the performance of this contract * * *" and "to save and protect the premises, the owner and the contractor from all claims and mechanic's liens on account thereof". There are no Florida cases bearing directly upon the issues raised in this case. The law that is and should be applicable and controlling in a case such as this is that stated by the Court of Appeals, Fifth Circuit, in Houston Fire & Casualty Insurance Co. v. B. E. Cloer, 217 F.2d 906, and the court finds and holds the law expressed in that case is applicable and controlling here. Third party plaintiffs' motion for summary judgment is, therefore, granted.

The pleadings in the case discloses that at the time Gay-Smith defaulted Stanley W. Newman Company, Inc. held in its possession a retainage in some amount under its contracts with Gay-Smith. The amount of the retainage cannot be determined upon the record before the court, but the court holds that the third party defendants are entitled to a credit of said amount against the judgment rendered in favor of The Ruberoid Co. versus the defendants and third party plaintiffs. Counsel for the

respective parties are directed to agree upon the amount of this credit and prepare and submit to the court a final judgment in conformity with this Memorandum Decision.